**AMERICAN NATIONAL BANK OF ARDMORE, OKLAHOMA,**
Appellant,

v.

**Mike FOX and Cindy Fox, husband and wife, d/b/a Ringling Stockyards,**
Appellees.

No. 81582.

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 13, 1994.

As Corrected Jan. 25, 1995.

Michael D. Tipps, Ardmore, and Phillip Scott, Waurika, for appellant.

David O. Blankenship, Brown & Blankenship, Tulsa, for appellees.

## OPINION

GARRETT, Vice Chief Judge:

In January, 1989, Cindy Fox and Mike Fox (collectively, Foxes) executed a lease purchase agreement with American National Bank (Bank) to purchase a property known as the Ringling Sale Barn (Barn). At that time, Foxes executed a $46,100.00 promissory note to Bank. Later, Foxes exercised their option to buy the Barn and executed a note to Bank for $120,148.00., payable in monthly installments. The $120,148.00 note was secured by real property; and, it contained an acceleration clause which became effective if, "the holder in its sole discretion believes that the prospect of any payment required in this note is impaired." At the time of the purchase, Foxes opened two accounts with Bank, a custodial account and an operating account.

Foxes also executed a note for $50,000.00 to provide operating capital for the Barn. Operating capital was used when Foxes purchased cattle, by writing a check on that account. The $50,000.00 note replaced the prior $46,100.00 note, and was executed when the $46,100.00 note became due and payable. The new $50,000.00 note was secured by all cattle owned by the Foxes. This note contained a clause allowing Bank to accelerate the payment of the note if Bank felt repayment was in jeopardy.

In September 1989, the operating account became overdrawn. Foxes had written checks totaling $63,000.00 which they had no funds to cover. Bank informed Foxes the overdraft would have to be paid. Bank had the cattle inspected to determine whether the value of the cattle was enough to cover the amount of the overdraft. At the time of the inspection, the cattle were worth $91,799.00, enough to cover the overdraft. Foxes sold cattle and applied funds to the overdraft. It was reduced $27,000.00, to approximately $36,000.00 in mid-November, 1989.

In October, 1989, Bank insisted Mike Fox executed a promissory note for $63,000.00. Cindy Fox did not execute the note. The $63,000.00 note contained a "due on demand" clause. It was secured by equipment and a truck. The proceeds of the note were used to pay off the overdrafts. In November, 1989, Bank again inspected Foxes' cattle. Bank discovered the cattle were worth only about $40,000.00, a reduction in value of over $50,000.00 in two months. Bank began to return checks drawn on the custodial account, if payment would cause an overdraft.

Prior to that time, Bank had not returned such checks.

Bank filed an action to collect the amounts due on the $50,000.00 note and the $63,000.00 note, and for immediate possession of the property securing the notes. In April 1990, Bank filed an action for the amount due on the Barn note ($120,148.00 note) and to foreclose the mortgage. Foxes counterclaimed and alleged Bank had converted trust money from the custodial account, that Bank had made a misrepresentation regarding title of the Barn, and, Bank had seized collateral wrongfully and without cause.

The cases were tried together. The jury returned a verdict for Foxes as to all three notes; and, for Foxes in the amount of $31,000.00 for wrongful seizure and possession of collateral, and $21,259.00 for conversion of Foxes' cattle. Bank appeals.

 Bank contends the court committed reversible error by entering judgment for Foxes against Bank. 12A O.S.1991 § 1–208 is as follows:

A term providing that one party or his successor in interest may accelerate payment or performance or require collateral or additional collateral "at will" or "when he deems himself insecure" or in words of similar import shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised.

Bank cites the UCC comment following § 1–208 as follows:

The increased use of acceleration clauses either in the case of sales on credit or in time paper or in security transactions has led to some confusion in the cases as to the effect to be given to a clause which seemingly grants the power of acceleration at the whim and caprice of one party. This section is intended to make clear that despite language which can be so construed and which further might be held to make the agreement void as against public policy or to make the contract illusory or too indefinite for enforcement, the clause means that the option is to be exercised only in the good faith belief that the prospect of payment or performance is impaired.

*Obviously this section has no application to demand instruments or obligations whose very nature permits call at any time with or without reason.* This section applies only to an agreement or to paper which in the first instance is payable at a future date. (emphasis added).

Bank also relies on 12A O.S.1991 § 3–122, (now repealed) which is, in part, as follows:

(1) A cause of action against a maker or an acceptor accrues

(a) in the case of a time instrument on the day after maturity;

(b) in the case of a demand instrument upon its date or, if no date is stated, on the date of issue.

UCC Comment 1 to § 3–122 is, in part, as follows:

1. This section is new. It follows the generally accepted rule that action may be brought on a demand note immediately upon issue, without demand, since presentment is not required to charge the maker under the original Act or under this Article.

The $63,000.00 note clearly states it was payable on demand. In fact, testimony by Cindy Fox showed she refused to sign it for that reason. Foxes contend they had no notice, prior to Bank filing an action, that the $63,000.00 note would be called. Therefore they claim Bank acted in bad faith when it filed an action seeking judgment on the note. We note the act of seeking judgment on the note is in itself a demand. Foxes cite no authority for this contention. Notice was not required. So-called "good faith" of the holder is not a prerequisite to requiring payment of a demand note. The very nature of a demand note requires payment *on demand.* Undisputed evidence shows the $63,000.00 note was payable on demand, and there were sums due and owing on that note. Therefore, Bank was entitled to judgment on the $63,000.00 note and if the judgment was not paid, to foreclose the collateral securing the note.

The $50,000.00 note and the $120,-148.00 note were not demand notes, but each contained an acceleration clause. Before such a note may be accelerated, a good faith belief by the holder of the note that the prospect of payment of the note is impaired is required. See, 12A O.S.1991 § 1–208, supra. Foxes had the burden under § 1–208 to show by substantial evidence Bank was *not* in good faith. *Farmers Cooperative Elevator, Inc. v. State Bank*, 236 N.W.2d 674 (Iowa 1975). This record does not support such a finding. In fact, the undisputed evidence showed Bank believed its secured position to be diminished. That evidence is: Foxes checking account was consistently overdrawn; the Barn lost approximately $40,-000.00 in the months prior to Bank filing an action; the collateral had diminished in value; Foxes debt was not reduced in direct proportion to the decline in value of and sale of collateral. Foxes argument that Bank's failure to honor Foxes' overdrawn checks when Bank had done so in the past, does not show bad faith. Bank is under no obligation to do so. *Schaller v. Marine National Bank of Neenah*, 131 Wis.2d 389, 388 N.W.2d 645 (1986). Foxes failed to show Bank acted in bad faith. Bank was entitled to possession of its collateral when payment by the Foxes was not forthcoming. See, 12A O.S.1991 § 9–504. As such, Bank cannot be held liable for conversion.

Examination of the record discloses that the verdict of the jury was not supported by any competent evidence, and it is set aside. Since Bank was entitled to judgment as a matter of law, the judgment for Foxes against Bank is vacated. The judgment for attorney fees for Foxes against Bank is vacated.

REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

HUNTER and ADAMS, JJ., concur.